IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RANDALL LEE THOMPSON, #12813-078 | § | |
| VS. | § | CIVIL ACTION NO. 6:07cv100 |
| | | CRIM. NO. 6:06CR2 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION AND ORDER

Movant Randall Lee Thompson, an inmate confined at F.P.C. Pensacola, filed the above-styled and numbered motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that Thompson should be granted an out-of-time appeal. The Government has filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Government to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of the Government are without merit.

The issue before the Court is whether Thompson is entitled to an out-of-time appeal because his attorney was ineffective in failing to honor his wishes to file a notice of appeal. Thompson presented his § 2255 motion under penalty of perjury. He correctly noted that the Court told him at the end of the sentencing hearing that he had a right to appeal his sentence. Thompson stated that he then "told his lawyer that he was unsatisfied with the findings of the District Court as to the offense

1

level and wished to appeal the sentence. Counsel responded that he wasn't going to appeal because they had no appealable issues. Mr. Thompson continued to insist that he wanted to appeal but defense counsel failed to file the notice as instructed." Counsel filed an affidavit in response to Thompson's assertions. Counsel stated that he did not recall Thompson requesting him to file an appeal on his behalf, although he added that the aforementioned conversation/exchange did not take place. Based on Thompson's assertions and counsel's response, Magistrate Judge Guthrie recommended that Thompson be granted an out-of-time appeal based on *United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007).

In the objections, the Government argued that because Magistrate Judge Guthrie "recommends relief in excess of that prescribed by Tapp, the United States objects to the recommendation." The Government went on to cite the following holding from *Tapp*:

> Today, we join our sister circuits in holding that the rule of *Flores-Ortega* applies even where a defendant has waived his right to direct appeal and collateral review. In such circumstances, if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver. Because the record in the instant case does not conclusively show whether Tapp requested that his counsel file an appeal, we vacate the district court's judgment denying Tapp's § 2255 petition and remand for an evidentiary hearing on this issue.

*Id.* at 266. The Government argued that prejudice may not be presumed based on mere allegations made by Thompson, and that an evidentiary hearing should be conducted in which Thompson would be required to demonstrate by a preponderance of the evidence that he requested an appeal. The Government noted that in *United States v. Gardner*, No. 06-40856, 242 Fed. Appx. 994 (5th Cir. Sept. 26, 2007), a case similar to *Tapp*, the Fifth Circuit remanded the case for an evidentiary hearing.

The Fifth Circuit has specified in the context of § 2254 habeas corpus proceedings that "it is necessary to examine in each case whether a paper hearing is appropriate to the resolution of the

factual disputes underlying the petitioner's claim." *Carter v. Johnson*, 131 F.3d 452, 460 n.13 (5th Cir. 1997), citing *May v. Collins*, 955 F.2d 299, 312 (5th Cir. 1992). In the present case, Thompson stated under penalty of perjury that he told his attorney that he wanted to appeal the sentence. Counsel's response was that he did not recall Thompson requesting him to appeal on his behalf. He did not dispute the assertion that Thompson asked him to appeal on his behalf, although he did dispute the specific assertions as to a conversation/exchange. The Government has not offered a scintilla of evidence supporting a conclusion that Thompson did not ask his attorney to appeal on his behalf, nor has it shown that there is anything to be gained by conducting an evidentiary hearing. The preponderance of the evidence supports a conclusion that Thompson asked counsel to appeal his sentence. After conducting a *de novo* review of the evidence, the Court finds from the preponderance of the evidence that Thompson asked his attorney to appeal his sentence and that counsel did not file a notice of appeal. Thompson is entitled to an out-of-time appeal in light of *Tapp*. Therefore the findings and conclusions of the Magistrate Judge are adopted as the findings and conclusions of the Court. It is accordingly

**ORDERED** that Thompson's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **GRANTED** to the extent that he may have an out-of-time appeal. Thompson has ten days from the entry of this Order to file a notice of appeal. All motions not previously ruled on are **DENIED**.

**So ORDERED and SIGNED this 8th day of May, 2008.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**